## Philson, Appellant, v. Wills.

*Trespass—Mines and mining—Unlawful removal of coal—Case for jury—Independent contractor—Agency.*

In an action to recover damages for the unlawful mining and removal of coal from plaintiff's land, where the defendant set up that the coal was mined by an independent contractor, and it appeared that defendant was the owner of the coal underlying an adjoining tract of land to that of plaintiff subject to a royalty; that the person who was mining defendant's coal had mined coal from plaintiff's land and carried it to the surface through defendant's

mine; that defendant paid the royalty on the coal mined on plaintiff's property to the person from whom he acquired title to his own mine; that when plaintiff demanded compensation for the coal taken, defendant did not disclaim responsibility on any other ground than that he had already paid the royalty on the coal to the owner of the adjoining tract, and there was evidence that during the period covered by the trespass, the person who mined the coal was the superintendent of defendant's mine, it was for the jury to determine whether such superintendent acted as defendant's agent in unlawfully mining plaintiff's coal, and the jury having found a verdict for plaintiff, it was error to enter judgment for defendant n. o. v.

Argued Sept. 26, 1916. Appeal, No. 156, Oct. T., 1916, by plaintiff, from judgment of C. P. Somerset Co., Dec. T., 1914, No. 240, for defendant n. o. v., in case of Samuel B. Philson v. John Wills. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for removing coal from plaintiff's land. Before JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,860.51. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Ernest O. Kooser,* with him *Francis J. Kooser,* for appellant.

*Charles F. Uhl, Jr.,* and *Charles H. Ealy,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 8, 1917:

This was an action in trespass. In the plaintiff's statement of claim it was averred that the defendant, in operating a coal mine on a tract of land adjoining a tract be-

longing to the plaintiff, had, by his superintendents, agents, miners and employees, entered upon the plaintiff's adjoining land and mined and removed therefrom a large quantity of the plaintiff's coal and converted the same to his own use. The defendant pleaded the general issue. The trial resulted in a verdict for the plaintiff in the sum of $1,860.51, which the court on motion subsequently set aside and entered judgment for the defendant non obstante. From the judgment so entered we have this appeal.

The considerations which influenced the learned court to take the action it did are thus stated in the opinion filed in the case: "The trespass complained of was committed by H. E. Gray, lessee and independent contractor, and not the agent of the defendant, Wills. There was no evidence in the case to show that when the trespass was committed Gray was the agent of the defendant, though the burden rested on the plaintiff to show it. The mining was done by Gray, without any direction or control of the defendant. Gray was the defendant's lessee, and the defendant, without knowledge or consent, is not liable for Gray's trespass." What the relation between the defendant and Gray really was is of no present concern. The jury found that it was that of principal and agent, or employer and employee; the court found that Gray was an independent lessee. The question in the case then is not which of these two conflicting findings has the stronger support in the evidence, but, having regard to the evidence produced by the plaintiff, and that alone, the question is, would that evidence warrant a reasonable inference that Gray was acting under the defendant as his agent or employee? In other words, was the evidence produced by the plaintiff, on this branch of the case, sufficient to make out for him a prima facie case? If so, the case was for the jury, and if the jury went so far astray that the court in good conscience could not give its approval to the verdict, it should have sustained the motion for a new trial. The entry of judgment for

the defendant under such circumstances would be nothing more or less than substituting the findings of the court for those of the jury. Assuming, as we must, that the evidence on the part of the plaintiff was credible, what does it show? It shows that the defendant was the owner of the coal underlying the surface of the tract adjoining that of the plaintiff, subject to a royalty on each ton of coal underlying the surface of the tract adjoining that of the plaintiff; that in mining this coal whoever was conducting the operation had trespassed upon the plaintiff's property and had there mined and removed a large quantity of coal belonging to the plaintiff; that the coal so mined had been carried to the surface through the coal mine of the defendant and delivered at the mouth of the mine to the defendant in his own cars; that the defendant had paid the royalty on the coal so mined on plaintiff's property to the party from whom he acquired title to his own mine; further, that the defendant, when plaintiff demanded of him compensation for the coal taken, made no disclaimer of responsibility and accountability on any other ground than he had paid royalty on the coal so taken to the owner of the adjoining tract; and further still, there was direct testimony from several witnesses that during the period covering the trespass, Gray was superintendent of the defendant's mines. Certainly upon this evidence the plaintiff could have rested his case, and except as defendant offered evidence to contradict or explain it in a way to make it not inconsistent with the defense set up, plaintiff would have been entitled to a verdict. The actual merits of the case, as between plaintiff and defendant, is a matter entirely aside from the present inquiry; but the fact that a careful study of the entire evidence has left us unconvinced that the verdict of the jury does injustice, renders it much easier to make that disposition of the case which the court has directed. The judgment is reversed, and now judgment is entered for the plaintiff on the verdict.